**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**FLOYD L. MISHOE,**

    Petitioner,

v.                                         Case No. 1:23cv241-AW/MAF

**DEPARTMENT OF CORRECTIONS,**

    Respondent.

_____/

**REPORT AND RECOMMENDATION
TO TRANSFER HABEAS CORPUS PETITION**

On September 13, 2023, Petitioner Floyd L. Mishoe filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, although his petition appears to be missing pages 8 through 18. ECF No. 1. He has not yet paid the filing fee or filed a motion for leave to proceed in forma pauperis (IFP).

From the pages that have been filed, Petitioner Mishoe challenges his current confinement pursuant to a 1990 state court conviction from the Seventh Judicial Circuit, Putnam County, Florida, which is located in the Middle District of Florida. ECF No. 1 at 1-5; *see* 28 U.S.C. § 89(b). Those pages, as well as the website for the Department of Corrections, reflect that Petitioner is being held at the Tomoka Correctional Institution in Daytona Beach, Volusia County, Florida, which is also located in the Middle District of Florida. *See* 28 U.S.C. § 89(b).

For federal habeas corpus actions, jurisdiction is appropriate in the district of confinement and the district of conviction.  28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district of conviction or in district of incarceration).  If Petitioner Mishoe is seeking federal habeas relief, this Court does not have jurisdiction as this is neither the district of confinement nor the district of conviction.  In an abundance of caution, this petition should be transferred to the United States District Court for the Middle District of Florida.  *Id*.; M.D. Fla. R. 1.04(a).  *See* Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985); Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992).

Accordingly, it is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 22, 2023.

S/  Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.