UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FLOYD L. MISHOE,

        Petitioner,

v.

                                  Case No. 3:23-cv-1204-HES-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

        Respondent.

_____

## ORDER

### I.    Status

Petitioner Floyd L. Mishoe, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Doc. 1. He is proceeding on an Amended Petition. Doc. 12. In the Amended Petition, Petitioner challenges a state court (Putnam County, Florida) judgment of conviction for sexual battery on a child under twelve and battery. Petitioner is serving a sentence of life imprisonment. Respondent filed a Response with exhibits, arguing that the Amended Petition is untimely and requesting dismissal of this case with prejudice. Doc. 17. Although afforded the

opportunity, Petitioner did not file a reply. This case is ripe for review.[1]

## II.    Evidentiary Hearing

"In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is unnecessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

## III.    One-Year Limitation Period

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system

custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## IV.    Analysis

On September 11, 1990, a state-court jury found Petitioner guilty of sexual battery on a child under twelve and battery. Doc. 17-1 at 7, 18. On

October 12, 1990, the trial court sentenced Petitioner to life imprisonment for sexual battery and one year in prison for battery. Id. at 9-10. Petitioner appealed. On July 2, 1992, the Fifth District Court of Appeal affirmed his convictions but struck the "habitual violent felony offender" designation from his life sentence. Id. at 16. Petitioner's convictions became final ninety days later, on September 30, 1992, when the time to petition the United States Supreme Court for a writ of certiorari expired. Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002).

Because his convictions became final before AEDPA's effective date of April 24, 1996, Petitioner had one year from that date—or until April 24, 1997—to seek federal habeas relief. See Wood v. Milyard, 566 U.S. 463, 468 (2012) ("For a prisoner whose judgment became final before AEDPA was enacted, the one-year limitations period runs from the AEDPA's effective date: April 24, 1996."); Johnson v. United States, 544 U.S. 295, 300 (2005) (noting that "prisoners whose convictions became final before AEDPA" received "a one-year grace period running from [AEDPA's] effective date"). Petitioner did not file anything in state court between April 24, 1996, and April 24, 1997. Doc.

17-1 at 18. He filed his federal Petition on September 13, 2023—twenty-six years after the deadline. Doc. 1 at 1. Therefore, this action is untimely.[2]

Petitioner alleges no facts showing that equitable tolling excuses his late filing. See Lawrence v. Florida, 549 U.S. 327, 336 (2007); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). Likewise, Petitioner does not seek to invoke the actual-innocence exception to AEDPA's limitation period. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). Therefore, this action must be dismissed as untimely.[3]

Accordingly, it is

**ORDERED:**

1.     The Amended Petition (Doc. 12) and this case are **DISMISSED with prejudice**.

2.     If Petitioner appeals, the Court denies a certificate of appealability. Because the Court has determined that a certificate of

---

[2] In March 2008, Petitioner unsuccessfully sought habeas relief in state court. Doc. 17-1 at 22. This filing had no tolling effect because the limitation period had already expired. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled.").

[3] In the Amended Petition, Petitioner appears to allege that his sentences were modified in 2003. Doc. 12 at 10. The record shows that no such modification occurred. Doc. 17-1 at 18-21. Even if Petitioner had been resentenced in 2003 and the resentencing had restarted the statute of limitations, this action would still be untimely by two decades.

appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[4]

3.      The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of April, 2026.

HARVEY E. SCHLESINGER
United States District Judge

TpaP-2
c:
Floyd L. Mishoe, #087182
Counsel of Record

---

[4] The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.